Mildred P. Rensler v. Commissioner. Edwin F. Rensler v. Commissioner.
Rensler v. Commissioner
Docket Nos. 15793, 17076.
United States Tax Court
1950 Tax Ct. Memo LEXIS 311; 9 T.C.M. (CCH) 12; T.C.M. (RIA) 50008; January 10, 1950
*311 Edwin F. Rensler, pro se. Robert H. Kinderman, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: These cases, duly consolidated for trial, involve income tax for the calendar year 1945. Deficiencies were determined against Mildred P. Rensler and Edwin F. Rensler in the respective amounts of $178.74 and $285.70. The principal questions presented involve the deductibility of various items claimed by the petitioners; also propriety of a claim for dependency. The respondent asserts the 5 per cent negligence penalty. [The Facts] The petitioners are husband and wife, resident in California. Petitioner Edwin F. Rensler will be referred to as petitioner, unless otherwise indicated. Their Federal income tax returns for the taxable year were filed with the collector for the sixth district of California. The petitioner Edwin F. Rensler is a printer, and was so in 1945. Mildred was a school teacher. On April 18, 1945, the petitioner and Albert Tapp, petitioner's brother-in-law, acquired a 626-acre unimproved ranch near Hemet, California, for the cattle business, also, secondarily, for a hunting place. Both borrowed the money, on notes, to pay for land *312 and cattle. About July 1945 a herd of 31 cattle was purchased. Petitioner went to the ranch about twice a month to October 1945, thereafter about once a week. There was no income from the ranch in 1945, but in 1946, 1947 and 1948 there was income, $149 to the petitioner for 1946 being the best year. A house was built in 1946. He hunted very little on the ranch in 1945. In 1939 petitioner purchased a new automobile, paying $1,295. In 1945 it was worth about $1,800. It was used for both business and personal purposes. Petitioner's telephone was used for both personal and business use. During 1945 Mildred paid for about $70 worth of clothing for Mrs. Edwin F. Rensler, her husband's mother. The mother-in-law had some money in the bank. She lived in Los Angeles with her husband, in a five room house (not the same as occupied by petitioner) in which she still lives, which is owned by her and her husband. It was unencumbered in 1945. No one else lived in the house. Her husband would not rent rooms. He had cataracts, and was not employed; had not worked for many years. The house was their only property. The husband had some money in the bank. She received money from her son as needed for *313 support, sometimes $5, sometimes $10. Her husband was "ailing" and had doctor bills and had to make repairs on their house. These repairs were about $250 at one time. In 1947 her husband began to receive $60 a month old age pension. [Opinion] The evidence adduced before us was fragmentary, indefinite, and unsatisfactory. On most items claimed there was no support of oral statements by documentary proof, or showing of reason for no such proof, and estimates were, in our opinion, overstated in many instances. However, under the general idea of Cohan v. Commissioner, 39 Fed. (2d) 540, we have, considering all of the circumstances, found that the petitioner paid, and we have approved deduction of, expenses by the petitioners as follows: Contributions to: Church
$ 52.00
Red Cross
25.00
Masonic Home
15.00
Salvation Army
3.00
Tuberculosis Society
2.00
Disabled American Veterans
3.00
War Chest
5.00
United Service Organization
75.00
Infantile Paralysis
3.00
Parent Teachers Association
20.00
Interest paid: On personal loan
$ 30.00
On real estate loan
49.05
Taxes: On real estate
$ 29.90
Sales tax
25.00
Auto tax
9.90
Gasoline tax
50.00
Expenditures: Laundry of work clothes
$ 78.00
Work shoes
12.50
Work aprons
15.00
Trade journals
$ 16.00
Automobile depreciation and ex-
pense
100.00
Automobile insurance
10.00
Telephone
24.00
Union dues
65.00
Expenses educational societies
14.00
Unemployment insurance
30.00
Oil
7.50
Total
$768.85
*314 In addition we approve deduction $50of as a loss because of theft of a purse. Other items of business expense claimed are disallowed because of lack of proof that they are deductible business expense. Automobile expenses, plainly only partly attributable to business, have been prorated as considered reasonable. In our view, the claim of dependency of the mother of petitioner has not been sustained. No convincing showing was made that the mother, who lived in her own home with her husband, had gross income of less than $500. Section 25 (b) (1) (D), Internal Revenue Code, or that more than one-half of her support was furnished by the petitioners. Section 25 (b) (3), Internal Revenue Code. It appears from the record that the Commissioner, in computing the deficiency, allowed deductions of $563.42 covering the same items above considered and the petitioners do not contend otherwise. Therefore, that fact will be considered in entering decisions. The respondent has invoked the 5 per cent negligence penalty under Section 272 (e), Internal Revenue Code. It is obvious that a part of the deficiency herein is due to negligence *315 under Section 293 (a) of the Internal Revenue Code, under the facts hereinabove set forth, involving careless and exaggerated claims of deductions not justified by the facts to sustain the claims for deductions. We, therefore, hold that 5 per cent of the total amount of the deficiency should be assessed in the same manner as if it were a deficiency. Decisions will be entered under Rule 50.